Brinkerhoff, J.
This is a petition in error filed here to reverse the judgment of the Superior Court of Cincinnati at general term, affirming, on error, a judgment of that court at special term.
The defendant in error, plaintiff below, brought suit against the plaintiff in error, defendant below, under the code of civil procedure, *68 to recover the amount of a promissory note. To the petition the defendant below answered, setting up a failure of consideration and a counter-claim. The plaintiff below replied, taking issue on the facts alleged in the answer.
The parties having waived their right to a trial by-jury, the case, on the evidence, was submitted to the court, which found “ the-issues joined for the plaintiff” below, assessed his damages, and dismissed the counter-claim without prejudice. A motion was made-for a new trial, on the alleged ground that the finding of the court was against the law and the evidence ; which motion was overruled, and a judgment rendered for the plaintiff below on the finding. The defendant below thereupon took a bill of exceptions embodying all the evidence in the case, and excepting to the finding and judgment of the court and to its order overruling *his motion for a new trial. No issue of law was made in the pleadings, and the-bill of exceptions nowhere discloses that any question of law was, at any time during the pendency of the case, either made to or passed 'on by the court below, either at special or general term. For aught' that appears in the record, the case was determined en tirely on the issues of fact made in the pleadings. .
On these exceptions the defendant below filed his petition in error in the Superior Court at general term, to reverse the judgment of* the court at special term. „ The judgment of the court at special term was, however, affirmed, and that judgment of affirmance is alleged for error here.
It nowhere appears in the record before us that the plaintiff in-error excepted to any ruling of the court below at special term on any matter of law whatsoever, either before or during the trial of the-case before it; and all the assignments of error made at the general term of the court below, amount in substance to but this: that the-court at special term erred in overruling the motion for a new trial, based on the alleged ground that the finding of the court on the-matters of fact at issue between the parties, was not sustained by sufficient evidence.
Now, whether the court below did or did not err in overruling the motion for a new trial made on this ground, is a question which can not be reviewed on error. This was decided at the last term, of this court, in House v. Elliott, 6 Ohio St. 497. The only difference between that case and this, so far as this point is concerned, being, that in that case there was a finding of the facts by a jury,, *69 while in this, a jury being waived, the facts were found by the ■court; a tribunal voluntarily selected by the parties in this case in •lieu of a jury, and whose finding on issues of fact is as valid and binding as that of a jury could be. It is very possible that questions of law were passed on by the court below, and that that court ■may have erred in their decision ; but if so, the plaintiff in error has failed to present them in his bill of exceptions. And if .he had •desired to except to the opinion of the court below as to the law •arising on the facts proved on the trial before it, he ought to have required a ^special finding of those facts, as he might have •done, under section two hundred and eighty of the code.

Judgment affirmed.

Bartlet, C. J., and Swan, Bowen, and Scott, JJ., concurred.